NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SELANE PRODUCTS, INC., on behalf of itself and all others similarly situated, | No. 21-55123 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-07834-MCS-AFM |
| v. | |
| CONTINENTAL CASUALTY COMPANY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Argued and Submitted August 11, 2021
San Francisco, California

Before: CHRISTEN and FORREST, Circuit Judges, and ANELLO,** District Judge.

After state and local orders resulting from the COVID-19 pandemic required

Selane Products, Inc. (Selane) and other class members to suspend their business

___

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Michael M. Anello, United States District Judge for the Southern District of California, sitting by designation.

operations, those businesses sought coverage under their policies (the Policy) with Continental Casualty Company (Continental). Continental denied the claims, concluding that the presence of SARS-CoV-2—the virus that causes COVID-19—did not cause "direct physical loss of or damage to" property. Selane filed this putative class action lawsuit, alleging that Continental improperly denied its claims. Continental moved to dismiss, arguing that Selane did not allege any "direct physical loss of or damage to" its property. The district court agreed and dismissed the complaint. We review de novo a district court's order granting a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Carlin v. DairyAmerica, Inc.*, 705 F.3d 856, 866 (9th Cir. 2013). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      To establish coverage under the Business Income and Extra Expense endorsements, Selane must allege it suffered from some "direct physical loss of or damage to" its property. As established in this court's decision in *Mudpie, Inc. v. Travelers Casualty Insurance Co. of America*, No. 20-16858, __ F.4th __ (9th Cir. Oct. 1, 2021), California courts would construe "direct physical loss of or damage to" as requiring an insured to allege a physical alteration of its insured property. *Id.* at 14. Here, Selane did not plausibly allege that its property sustained any physical alterations for two reasons. First, Selane did not allege that SARS-CoV-2 was present on its property to cause any damage. Second, Selane alleged that the stay-at-

2

home orders caused it to suspend its operations, but it did not plausibly allege that the stay-at-home orders caused its property to sustain any physical alterations. Thus, there is no coverage under the Business Income and Extra Expenses endorsements.

2.  Selane also argues that the Policy's microbe exclusion establishes that microscopic organisms could cause physical loss or damage to property and, therefore, by extension so could viruses.[1] We are not persuaded. But even if we were, this argument is unavailing because Selane did not allege that SARS-Cov-2 was present on its property to cause any damage.

3.  Additionally, Selane failed to plausibly allege coverage under the Civil Authority endorsement. Under this provision, Selane must prove three requirements: (1) there must be "direct physical loss of or damage to" property at locations, other than the insured premises; (2) a civil authority action was required *because* of that physical loss or damage; and (3) the civil authority action prohibited access to Selane's property. As noted above, Selane has not alleged any direct physical loss of or damage to property.

4.  The district court did not err in excluding Selane's extrinsic evidence. In California, "[t]he test of admissibility of extrinsic evidence to explain the meaning of a written instrument is . . . whether the offered evidence is relevant to prove a

---

[1]Continental did not rely on the microbe exception in seeking dismissal of plaintiffs' First Amended Complaint.

meaning to which the language of the instrument is reasonably susceptible." *Pac. Gas & Elec. Co. v. G. W. Thomas Drayage & Rigging Co.*, 442 P.2d 641, 644 (Cal. 1968). "[I]t is reversible error for a trial court to refuse to consider . . . extrinsic evidence on the basis of the trial court's own conclusion that the language of the contract appears to be clear and unambiguous." *Circle Star Ctr. Assocs., L.P. v. Liberate Techs.*, 55 Cal. Rptr. 3d 232, 238 (Ct. App. 2007). Although the district court did not analyze the extrinsic evidence, the evidence Selane proffered is irrelevant to proving the meaning of "physical loss of or damage to" property as used in this Policy.

5.    It was not error for the district court not to address Selane's mitigation claim. Under California insurance law, "[a]n insurer is liable . . . [i]f a loss is caused by efforts to rescue the thing insured from a peril insured against." Cal. Ins. Code § 531(b). Here, because the "peril"—SARS-CoV-2—was not "insured against," this provision is not appliable.

6.    The district court did not err in dismissing the remainder of Selane's claims because they all required that the presence of SARS-CoV-2 caused "physical loss of or damage to" property. As noted above, there was no allegation of "physical loss of or damage to" Selane's property.

4

**AFFIRMED.**[2]

---

[2]Selane's motion to take judicial notice of unpublished cases [Dkt. 20] is GRANTED.